IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUCATION MANAGEMENT SERVICES, INC., <u>et al.</u>,    :<br>    Plaintiffs    :<br>    :<br>v.    :<br>    :<br>COMMONWEALTH OF    :<br>PENNSYLVANIA, DEPARTMENT OF    :<br>EDUCATION, DIVISION OF FOOD AND    :<br>NUTRITION, <u>et al.</u>,    :<br>    Defendants    : | Civil Action No. 1:10-cv-00441<br><br>(Chief Judge Kane) |

## **MEMORANDUM ORDER**

Jury selection and trial in this action are currently scheduled to commence on August 6, 2012. (Doc. No. 22.) On April 17, 2012, the Court issued an order removing Robert S. Mirin, who passed away in February 2012, as counsel of record for Plaintiffs, staying the case for a period of thirty days to allow Plaintiffs to secure new counsel, and directing Plaintiffs to identify replacement counsel or notify the Court of their intent to proceed <u>pro se</u> within thirty days. (Doc. No. 23.) That order was mailed to Plaintiff Education Management Services, Inc. ("EMS") at the address identified in their pleadings,[1] but it was returned to the Court as undeliverable (Doc. No. 24). Plaintiffs have not otherwise "maintain[ed] on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in this action may be served" in accordance with Local Rule 83.18. Thus, on May 29, 2012, the Court directed Plaintiffs to show cause as to why this action should not be dismissed for failure to prosecute. (Doc. No. 25.) That order was mailed to Plaintiff EMS at two different addresses, one of which

---

[1] Plaintiffs did not identify different addresses for Plaintiffs Jean E. Raisner, J. Craig Raisner, and Frances Ciccocioppo in their pleadings.

1

the Court discovered through its own diligence.  (Id.)  To date, Plaintiffs have not responded to the order.  For the following reasons, the Court will dismiss this action for failure to prosecute.

District courts have the inherent power to dismiss an action for failure to prosecute sua sponte.  Chambers v. NASCO, Inc., 50 1U.S. 32, 44 (1991).  Nevertheless, because of the severity of a dismissal sanction, district courts should provide plaintiffs with an opportunity to explain their reasons for failing to prosecute their action or comply with court orders prior to dismissing a case sua sponte.  Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008).  After plaintiffs are given this opportunity, the United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).  No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim."  Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).  However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited."  Poulis, 747 F.2d at 870.

Regarding the first factor, Plaintiffs' counsel of record has been removed from this action, thereby making Plaintiffs personally responsible for informing the Court of their address and complying with Court orders.

Second, the prejudice to Defendants caused by Plaintiffs' failure to prosecute their claims

weighs in favor of dismissal. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (internal quotation marks and citation omitted). But "prejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Id. (internal citations and quotation marks omitted). The instant litigation has been pending for over two years, and Plaintiffs have taken no action since December 1, 2011. (Doc. No. 21.) Further, the deadlines for filing, inter alia, motions in limine and pretrial memoranda are fast approaching, as are the scheduled pretrial conference and the trial itself. (Doc. No. 22.) Plaintiffs have placed Defendants in the position of needlessly preparing defenses to claims that are no longer being pursued. Thus, the Court finds that the prejudice to Defendants is severe and weighs in favor of dismissal.

Third, Plaintiffs' failure to respond to Court orders, notify the Court of their intent to proceed pro se, seek an extension of time in which to find replacement counsel, or apprise the Court of their current address evinces a history of dilatoriness weighing in favor of dismissal.

With respect to the fourth factor, the Court must consider whether the conduct of Plaintiffs was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Briscoe, 538 F.3d at 262. Plaintiffs have not provided the Court with any reason for their inaction. Thus, while the Court does not have sufficient information to support a finding of bad faith or willfulness, this factor cannot be said to weigh against dismissal. In the absence of an explanation for Plaintiffs' failure to prosecute, this factor is neutral to the Court's analysis.

Regarding the fifth factor, the Court must consider whether alternative sanctions would

be effective.  In this situation, where Plaintiffs have failed to respond to Court orders and notify the Court of their current address, monetary sanctions are pointless, and the Court cannot envision an effective sanction short of dismissal.

Finally, in determining whether a plaintiff's claims are meritorious, courts generally use the standard for a motion to dismiss for failure to state a claim.  Id. at 263.  Thus, a claim is deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff."  Id.  Plaintiffs' claims appear to be facially meritorious, as Defendants did not move to dismiss the complaint, and the case proceeded to discovery.  Accordingly, this factor weighs against dismissal of the action.

In balancing the Poulis factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered.  Id.  Instead, it is within this Court's discretion to balance these factors.  Id.  Upon weighing the factors, the Court finds that dismissal is warranted in this action.  In reaching this decision, the Court is especially mindful that Plaintiffs have failed to keep the Court informed of their current address, to identify replacement counsel or notify the Court of their intent to proceed pro se, or to comply with Court orders.

**ACCORDINGLY**, on this 25th day of June 2012, **IT IS HEREBY ORDERED THAT** the above-captioned action is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
